## MAZA v. DELANEY FORGE & IRON CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

Appeal from Trial Term, Erie County.

Action by Barnard Maza against the Delaney Forge & Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ralph S. Kent, for appellant.
Gordon F. Matthews, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J. (dissenting). This is an appeal from a judgment of $3,579.41, damages and costs, in favor of the plaintiff, entered in the office of the clerk of Erie county on the 4th day of January, 1910, upon the verdict of a jury rendered at a Trial Term of the Supreme Court held in and for said county; also from an order denying defendant's motion for a new trial made upon the minutes of the court. The action was commenced on the 8th day of June, 1909, to recover damages sustained by the plaintiff, while in the defendant's employ, on the 2d day of April, 1909, alleged to have been caused solely because of the negligence of the defendant.

The material facts are not in dispute. The defendant, at the time of the accident and for a long time prior thereto, was engaged in operating a factory and machine shop in the city of Buffalo, N. Y., wherein large castings and other parts of marine engines and ships were made. One Nicholson was the foreman or superintendent of the machine shop, where plaintiff was employed and where the accident occurred. The plaintiff, who was a machinist, had been in defendant's employ, working in the machine shop either as machinist's helper, as contended by the defendant, or as a handy man or common

laborer, for several years prior to the time of the accident. He was, therefore, not an inexperienced employé. On the day of the accident it was discovered by the foreman, Nicholson, that a set of large castings had to be trimmed, and he asked or directed the plaintiff to go to another part of the works and get a chisel and mallet to aid him (the foreman) in making the casting complete. The plaintiff went, as directed by the foreman, Nicholson, and returned with a chisel, which, as the evidence indicates, was frayed on the head, together with a wooden mallet, which weighed about 12 pounds, and which was not square on the face. Nicholson, the foreman, held the chisel, which it is alleged was frayed, and the plaintiff struck the head of the chisel with the wooden mallet, which it is alleged was of uneven surface, and because of a certain blow (not the first, second, or third) a piece of the chisel flew and struck the plaintiff in the eye. He lost his eyesight, and there is little or no question but that, if the defendant is liable for the injury sustained by the plaintiff, the verdict is not excessive.

The facts thus related present the whole question as to the liability of the defendant in this case. There is no suggestion in the evidence that there was not sufficient and proper chisel and mallet furnished by the defendant to do the work required in a proper manner, and therefore there can be no claim that a cause of action existed at common law. It is not pretended that under the common law the defendant would be liable; but it is insisted that the defendant is liable because of the provisions of the employer's liability act (Consol. Laws, c. 31, §§ 200–204), so called, and that involves the question as to whether the chisel and mallet and their use became a part of the ways, works, and machinery of the defendant under the provisions of such law.

We think the chisel and mallet, under the circumstances disclosed by the evidence in this case, were not a part of the ways, works, and machinery, within the provisions of the employer's liability act. It would seem to be unnecessary to refer to the authorities in this class of actions. A very simple piece of work was to be accomplished by the use of the simplest tools, namely, a chisel and a wooden sledgehammer. The foreman, Mr. Nicholson, and the plaintiff, together, attempted to do the work of trimming the casting in question. As a result of their joint efforts as colaborers, the accident occurred. I fail to discover any ground upon which to charge the defendant with actionable negligence, either under the employer's liability act or the common law.

It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

WILLIAMS, J., concurs.